1 | ROBBINS GELLER RUDMAN
    & DOWD LLP
2 | ANDREW J. BROWN (160562)
THOMAS E. EGLER (189871)
3 | ROBERT K. LU (198607)
ERIK W. LUEDEKE (249211)
4 | 655 West Broadway, Suite 1900
San Diego, CA 92101
5 | Telephone: 619/231-1058
619/231-7423 (fax)
6 | andrewb@rgrdlaw.com
tome@rgrdlaw.com
7 | rlu@rgrdlaw.com
eluedeke@rgrdlaw.com
8 |
   Lead Counsel for Plaintiffs
9 |
BARRETT JOHNSTON MARTIN
10 |    & GARRISON, LLC
GERALD E. MARTIN
11 | TIMOTHY L. MILES
Bank of America Plaza
12 | 414 Union Street, Suite 900
Nashville, TN 37219
13 | Telephone: 615/244-2202
615/252-3798 (fax)
14 |
   Additional Plaintiffs' Counsel
15 |
   [Additional counsel appear on signature page.]

16 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re QUESTCOR PHARMACEUTICALS, INC. SECURITIES LITIGATION | No. 8:12-cv-01623-DMG(JPRx) |
| ———————————————— | CLASS ACTION |
| This Document Relates To: | STIPULATION OF SETTLEMENT |
|    ALL ACTIONS. | |

This Stipulation of Settlement dated as of April 8, 2015 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiffs West Virginia Investment Management Board and Plumbers & Pipefitters National Pension Fund; and named plaintiff Steven Glucksberg (collectively, "Plaintiffs") (on behalf of themselves and each of the Class Members), by and through their counsel of record in the Litigation (as defined herein); and (ii) defendants Questcor Pharmaceuticals, Inc. ("Questcor" or the "Company"), Don M. Bailey ("Bailey"), Michael H. Mulroy ("Mulroy"), Stephen L. Cartt ("Cartt"), and David Young ("Young") (collectively, "Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.     THE LITIGATION

On January 4, 2013, the United States District Court for the Central District of California, Southern Division (the "Court") issued an order consolidating several related actions,[1] appointing West Virginia Investment Management Board and Plumbers & Pipefitters National Pension Fund as Lead Plaintiffs, and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On March 5, 2013, Plaintiffs filed the Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Complaint") against defendants Questcor, Bailey, Mulroy, Cartt, Young, David J. Medeiros, and Mitchell J. Blutt. Plaintiffs alleged, among other things, that throughout the Class Period (as defined herein), Defendants issued false and misleading statements about the effectiveness of, and

---

[1]   The following actions were consolidated: *John K. Norton v. Questcor Pharm., Inc., et al.*, CV 12-01623 DMG (FMOx); *Lee Beng Heng v. Questcor Pharm., Inc., et al.*, CV 12-01707 DMG (FMOx); *Beth Danon and Joseph Damore v. Questcor Pharm., Inc., et al.*, CV 12-01717 DMG (FMOx); *Ken Ho v. Questcor Pharm., Inc., et al.*, CV 12-01814 DMG (FMOx); and *Steven Glucksberg v. Questcor Pharm., Inc., et al.*, CV 12-01975 DMG (FMOx).

1   prospects for, Questcor's sole product, Acthar, while simultaneously using Questcor's

2   cash to prop up the price of Questcor shares through the purchase of hundreds of

3   millions of dollars of Questcor stock in the open market. As a result, Questcor's stock

4   traded at artificially inflated prices. On May 6, 2013, all Defendants moved to dismiss

5   the Complaint. Defendants asserted, among other things, that Plaintiffs failed to plead

6   the elements of falsity, scienter, and loss causation under the pleading standards set

7   forth in the Federal Rules of Civil Procedure and the Private Securities Litigation

8   Reform Act of 1995 ("PSLRA"). After full briefing by all parties, the Court held a

9   hearing on September 13, 2013, and issued its order granting in part and denying in

10  part the motions to dismiss (the "Order"). In the Order, the Court dismissed

11  individual defendants David J. Medeiros and Mitchell J. Blutt, as well as allegations

12  related to misstatements by Questcor about its compliance with regulations and

13  industry standards. The Court denied all other aspects of Defendants' motions to

14  dismiss. Thereafter, Defendants filed answers denying all allegations in the

15  Complaint and asserting defenses thereto.

16      Following the ruling on Defendants' motions to dismiss, the Settling Parties (as

17  defined herein) began formal discovery. The Settling Parties served written discovery

18  on each other, and issued subpoenas to third parties. By the close of fact discovery in

19  January 2015, Plaintiffs had collected over 1.6 million pages of documents from, and

20  took 26 depositions of, Defendants and various current and former Questcor

21  employees, prescribing doctors and other third parties. Similarly, Defendants

22  collected over 200,000 pages of documents from Plaintiffs, their investment managers

23  and other third parties and took six total depositions.

24      On August 4, 2014, Plaintiffs filed a motion for class certification. Defendants

25  filed a statement of non-opposition to the class certification motion on November 3,

26  2014. The Court granted the class certification motion on November 12, 2014. The

27  order appointed Lead Plaintiffs to represent a class defined as: "All persons or entities

28  who, between April 4, 2011 and September 21, 2012, inclusive, purchased or

- 2 -

1  otherwise acquired the common stock of Questcor Pharmaceuticals, Inc. ("Questcor"
2  or the "Company"), and were damaged thereby." The Court also appointed Plaintiff
3  Steven Glucksberg to represent a subclass defined as: "All persons or entities who,
4  between April 4, 2011 and September 21, 2012, inclusive, purchased or otherwise
5  acquired the common stock of Questcor contemporaneously with defendant Don M.
6  Bailey's sales of Questcor common stock between April 4, 2011 and September 21,
7  2012, inclusive, and were damaged thereby."

8       In the course of the Litigation, the Settling Parties engaged the services of the
9  Honorable Layn R. Phillips (Ret.), a nationally recognized mediator. The Settling
10 Parties engaged in an in-person mediation session with Judge Phillips, on September
11 8, 2014. While the Settling Parties did not reach an agreement to settle the Litigation
12 at the mediation, the Settling Parties continued settlement negotiations with the
13 assistance of Judge Phillips. These efforts culminated with the Settling Parties
14 agreeing to settle the Litigation for $38,000,000, pursuant to a mediator's proposal by
15 Judge Phillips which was separately accepted by the Settling Parties.

16 **II.    DEFENDANTS' DENIALS OF WRONGDOING AND**
17 **        LIABILITY**

18      Defendants have denied and continue to deny each and all of the claims alleged
19 by Plaintiffs and the Class in the Litigation. Defendants expressly have denied and
20 continue to deny all charges of wrongdoing or liability against them arising out of any
21 of the conduct, statements, acts or omissions alleged, or that could have been alleged,
22 in the Litigation. Defendants also have denied and continue to deny, among other
23 allegations, the allegations that the Plaintiffs or the Class have suffered any damage,
24 that the price of Questcor common stock was artificially inflated by reasons of alleged
25 misrepresentations, non-disclosures or otherwise, or that the Plaintiffs or the Class,
26 were harmed by the conduct alleged, or that could have been alleged, in the Litigation.
27 Defendants believe that the evidence developed to date supports their position that
28 they acted properly at all times and that the Litigation is without merit. In addition,

- 3 -

Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as recent changes in the law and the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Class.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the Class) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the

1012127_3

Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

## 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1   "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2   "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3   "Class" means all Persons who, between April 4, 2011 and September 21, 2012, inclusive, purchased or otherwise acquired the common stock of Questcor, and were damaged thereby.   Excluded from the Class are current and former defendants, members of the immediate family of any current or former defendants, directors, officers, subsidiaries and affiliates of Questcor, any person, firm, trust, corporation, officer, director or other individual or entity in which any current or former defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party.   Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

1.4   "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5   "Class Period" means the period from April 4, 2011 through September 21, 2012, inclusive.

1.6   "Defendants" means Questcor and the Individual Defendants.

1.7   "Defendants' Counsel" means Skadden, Arps, Slate, Meagher & Flom LLP and Latham & Watkins LLP.

1012127_3

1.8    "Effective Date," or the date upon which this settlement becomes "effective," means the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.10    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; or (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of Lead Counsel's attorneys' fees and expenses, payments to Plaintiffs for their time and expenses, the Plan of Allocation of the Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.11    "Individual Defendants" means Don M. Bailey, Michael H. Mulroy, Stephen L. Cartt, and David Young.

1.12    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1012127_3

1.13 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.14 "Lead Plaintiffs" means Plumbers & Pipefitters National Pension Fund and West Virginia Investment Management Board.

1.15 "Litigation" means the action captioned *In re Questcor Pharmaceuticals, Inc. Securities Litigation*, No. 8:12-cv-01623-DMG (JPRx).

1.16 "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses, and interest and any award to Plaintiffs provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.17 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18 "Plaintiffs" means Lead Plaintiffs and Steven Glucksberg.

1.19 "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.20 "Questcor" means Questcor Pharmaceuticals, Inc.

1.21 "Related Parties" means each of a Defendant's respective present and former parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of each of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives and assigns of each of them, in their capacity as such.

- 7 -

1      1.22   "Released Claims" means any and all claims and causes of action of every

2  nature and description whatsoever whether known or unknown, asserted or unasserted,

3  whether arising under federal, state, local, statutory, common, foreign or administrative

4  law, or any other law, rule or regulation, whether fixed or contingent, at law or in

5  equity, whether class or individual in nature, that Plaintiffs, or any other Member of the

6  Class or the representatives, heirs, successors-in-interest and assigns of any of them,

7  asserted in the Litigation or could have asserted, directly or indirectly, in any forum that

8  arise out of or are based upon or related to (i) the purchase or acquisition of Questcor

9  common stock, and (ii) the claims, allegations, transactions, facts, matters,

10  circumstances, or occurrences, representations or omissions involved, set forth, alleged,

11  embraced, encompassed, or otherwise referred to in the Complaint. "Released Claims"

12  includes "Unknown Claims" as defined in ¶1.28 hereof.

13      1.23   "Released Persons" means each and all of the Defendants, their Related

14  Parties, David J. Medeiros, and Mitchell J. Blutt.

15      1.24   "Settlement Amount" means Thirty-Eight Million Dollars

16  ($38,000,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to

17  ¶2.1 of this Stipulation.

18      1.25   "Settlement Fund" means the Settlement Amount plus all interest and

19  accretions thereto and which may be reduced by payments or deductions as provided

20  herein or by Court order.

21      1.26   "Settling Parties" means, collectively, Defendants and Plaintiffs on

22  behalf of themselves and the Class.

23      1.27   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs,

24  imposts, and other charges of any kind (together with any and all interest, penalties,

25  additions to tax and additional amounts imposed with respect thereto) imposed by any

26  governmental authority.

27      1.28   "Unknown Claims" means any claims which Plaintiffs or Class Members

28  do not know or suspect to exist in his, her or its favor at the time of the release of the

Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement or seek exclusion from the Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

- 9 -

Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## 2. The Settlement

### a. The Settlement Amount

2.1    Questcor shall pay or cause to be paid the Settlement Amount by wire transfer in accordance with instructions to be provided by the Escrow Agent. The Settlement Amount shall be paid the earlier of (i) ten (10) calendar days of the entry of an order granting preliminary approval of the settlement, or (ii) April 14, 2015. If the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Counsel may terminate the settlement but only if (i) Lead Counsel have notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within three (3) calendar days after Lead Counsel have provided such written notice by email. The Escrow Agent shall deposit the Settlement Amount in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.

### b. The Escrow Agent

2.2    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

1012127_3

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6     Prior to the Effective Date and without further order of the Court, up to $300,000 of the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").  After the Effective Date, Lead Counsel may pay all further reasonable Notice and Administration Expenses, regardless of amount, without further order of the Court.  If the settlement is not approved by the Court or does not become effective pursuant to the terms of the Stipulation, then any amounts paid or incurred for such expenses in this paragraph shall not be returned to Defendants and/or their insurers.  Notwithstanding the foregoing, Questcor shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator pertinent shareholder transfer records for purposes of mailing notice to the Class and Questcor shall be responsible for administering as well as the cost and expenses in providing notice pursuant to the Class Action Fairness Act.

- 11 -

2.7     It shall be Lead Counsel's responsibility to disseminate the Notice (as defined below) and summary notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

### c.     Taxes

2.8     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel

- 12 -

with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

### d.     Termination of Settlement

2.9     In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be

- 13 -

1   refunded pursuant to written instructions from counsel for the Defendants in

2   accordance with ¶7.4 herein.

3       **3.      Preliminary Approval Order and Settlement Hearing**

4       3.1     Promptly after execution of the Stipulation, Lead Counsel shall submit

5   the Stipulation together with its Exhibits to the Court and shall apply for entry of an

6   order (the "Preliminary Approval Order"), substantially in the form of Exhibit A

7   attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set

8   forth in the Stipulation, and approval for the mailing of a settlement notice (the

9   "Notice") and publication of a summary notice, substantially in the forms of Exhibits

10  A-1 and A-3 attached hereto.  The Notice shall include the general terms of the

11  settlement set forth in the Stipulation, the proposed Plan of Allocation, the general

12  terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of

13  the Settlement Hearing as defined below.

14      3.2     Lead Counsel shall request that after notice is given, the Court hold a

15  hearing (the "Settlement Hearing"), with such hearing occurring not less than one

16  hundred (100) days after the Preliminary Approval Order is entered.  At or after the

17  Settlement Hearing, Lead Counsel also will request that the Court approve the

18  proposed Plan of Allocation and the Fee and Expense Application and Plaintiffs'

19  request for payment of their time and expenses, if any.

20      **4.      Releases**

21      4.1     Upon the Effective Date, as defined in ¶1.8 hereof, Plaintiffs shall, and

22  each of the Class Members shall be deemed to have, and by operation of the Judgment

23  shall have, fully, finally, and forever released, relinquished, and discharged all

24  Released Claims against the Released Persons, whether or not such Class Member

25  executes and delivers the Proof of Claim and Release or shares in the Settlement

26  Fund.  Claims to enforce the terms of this Stipulation are not released.

27

28

1012127_3

4.2    The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3    Upon the Effective Date, as defined in ¶1.8 hereof, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.4    Upon the Effective Date, as defined in ¶1.8 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' counsel from all claims and causes of action of every nature and description (including Unknown Claims), whether arising under federal (including Federal Rules of Civil Procedure 11 and 37.1), state, common or foreign law, that arise out of or relate to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the settlement.

**5.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement

- 15 -

1   Fund to Authorized Claimants, processing Proof of Claim and Release forms, and

2   paying escrow fees and costs, if any;

3           (b)     to pay the Taxes and Tax Expenses described in ¶2.8 hereof;

4           (c)     to pay attorneys' fees and expenses of counsel for Plaintiffs (the

5   "Fee and Expense Award"), and to reimburse Plaintiffs for their time and expenses

6   pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court; and

7           (d)     after the Effective Date, to distribute the Net Settlement Fund to

8   Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the

9   Court.

10       5.3    After the Effective Date, and in accordance with the terms of the

11   Stipulation, the Plan of Allocation, or such further approval and further order(s) of the

12   Court as may be necessary or as circumstances may require, the Net Settlement Fund

13   shall be distributed to Authorized Claimants, subject to and in accordance with the

14   following.

15       5.4    Within ninety (90) days after the mailing of the Notice or such other time

16   as may be set by the Court, each Person claiming to be an Authorized Claimant shall

17   be required to submit to the Claims Administrator a completed Proof of Claim and

18   Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty

19   of perjury and supported by such documents as are specified in the Proof of Claim and

20   Release.

21       5.5    Except as otherwise ordered by the Court, all Class Members who fail to

22   timely submit a valid Proof of Claim and Release within such period, or such other

23   period as may be ordered by the Court, or otherwise allowed, shall be forever barred

24   from receiving any payments pursuant to the Stipulation and the settlement set forth

25   herein, but will in all other respects be subject to and bound by the provisions of the

26   Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the

27   foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept

28   late-submitted claims for processing by the Claims Administrator so long as the

- 16 -

1012127_3

distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.6    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization.

5.7    The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.9 hereof; and the Class Members, Plaintiffs, and Lead Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.8    No Person shall have any claim against Plaintiffs, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the

- 17 -

1   Stipulation and is to be considered by the Court separately from the Court's
2   consideration of the fairness, reasonableness, and adequacy of the settlement set forth
3   in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall
4   not operate to terminate or cancel the Stipulation or affect the finality of the Court's
5   Judgment approving the Stipulation and the settlement set forth herein.

6       **6.**     **Lead Counsel's Attorneys' Fees and Expenses**

7       6.1     Lead Counsel may submit an application or applications (the "Fee and
8   Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses or
9   charges in connection with prosecuting the Litigation; plus (c) any interest on such
10   attorneys' fees and expenses at the same rate and for the same periods as earned by the
11   Settlement Fund (until paid) as may be awarded by the Court. Lead Counsel reserve
12   the right to make additional applications for fees and expenses incurred. In addition,
13   Plaintiffs may also submit a request for reimbursement of their time and expenses
14   representing the Class pursuant to 15 U.S.C. §78u-4(a)(4).

15       6.2     The fees and expenses, as awarded by the Court, shall be paid to Lead
16   Counsel, as ordered, immediately after the Court executes the Judgment and an order
17   awarding such fees and expenses. Lead Counsel may thereafter allocate the attorneys'
18   fees among other plaintiffs' counsel, if any, in a manner in which they in good faith
19   believe reflects the contributions of such counsel to the initiation, prosecution, and
20   resolution of the Litigation.

21       6.3     In the event that the Effective Date does not occur, or the Judgment or the
22   order making the Fee and Expense Award is reversed or modified, or the Stipulation is
23   canceled or terminated for any other reason, and such reversal, modification,
24   cancellation or termination becomes Final and not subject to review, and in the event
25   that the Fee and Expense Award has been paid to any extent, then (a) Lead Counsel
26   with respect to the entire Fee and Expense Award, and (b) such of plaintiffs' counsel
27   who have received any portion of the Fee and Expense Award shall within five (5)
28   business days from receiving notice from Defendants' Counsel or from a court of

- 18 -

appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus the interest earned thereon in an amount consistent with such reversal or modification.   Each such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4   The procedure for and the allowance or disallowance by the Court of any applications by any plaintiffs' counsel for attorneys' fees and expenses, or the expenses of the Plaintiffs, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or Plaintiffs' expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth herein.

6.5   Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel, plaintiffs' counsel, or any other Plaintiffs.

6.6   Defendants and their Related Parties shall have no responsibility for the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

1012127_3

7.      **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Settlement Amount has been deposited into the Escrow Account;

(b)     the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof; and

(e)     the Judgment has become Final, as defined in ¶1.10 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3     If prior to the Settlement Hearing, the aggregate number of shares of Questcor common stock purchased or acquired during the Class Period by Persons who would otherwise be Members of the Class, but who request exclusion from the Class, exceeds the sum specified in a separate supplemental agreement between Plaintiffs and Defendants (the "Supplemental Agreement"), Questcor shall have, in its sole and absolute discretion, the option to withdraw from or terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court. If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed *in camera* to

- 20 -

1012127_3

the Court for purposes of approval of the settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of shares.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.6 and 2.8 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.6 and 2.8 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' Counsel.

7.5     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of March 5, 2015, including consideration by the Court of the Magistrate Judge's February 24, 2015 Report and Recommendation regarding Questcor's Motion for Evidentiary Sanctions.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.28, 2.6-2.9, 6.3, 7.4-7.6, and 8.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to

- 21 -

1 │ any of plaintiffs' counsel or expenses to Plaintiffs shall operate to terminate or cancel

2 │ this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

3 │       7.6    If the Effective Date does not occur, or if the Stipulation is terminated

4 │ pursuant to its terms, neither Plaintiffs nor any of their counsel shall have any

5 │ obligation to repay any amounts disbursed pursuant to ¶¶2.6 or 2.8. In addition, any

6 │ expenses already incurred pursuant to ¶¶2.6 or 2.8 hereof at the time of such

7 │ termination or cancellation but which have not been paid, shall be paid by the Escrow

8 │ Agent in accordance with the terms of the Stipulation prior to the balance being

9 │ refunded in accordance with ¶¶2.9 and 7.4 hereof.

10 │ **8.    Miscellaneous Provisions**

11 │       8.1    The Settling Parties (a) acknowledge that it is their intent to consummate

12 │ this agreement; and (b) agree to cooperate to the extent reasonably necessary to

13 │ effectuate and implement all terms and conditions of the Stipulation and to exercise

14 │ their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

15 │       8.2    The Settling Parties intend this settlement to be a final and complete

16 │ resolution of all disputes between them with respect to the Litigation. The settlement

17 │ compromises claims which are contested and shall not be deemed an admission by

18 │ any Settling Party as to the merits of any claim or defense. Pursuant to 15 U.S.C.

19 │ §78u-4(c)(1), the Final Judgment will contain a finding that, during the course of the

20 │ Litigation, the parties and their respective counsel at all times complied with the

21 │ requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that

22 │ the Settlement Amount and the other terms of the settlement were negotiated in good

23 │ faith by the Settling Parties, and reflect a settlement that was reached voluntarily after

24 │ consultation with competent legal counsel. The Settling Parties reserve their right to

25 │ rebut, in a manner that such party determines to be appropriate, any contention made

26 │ in any public forum regarding the Litigation, including that the Litigation was brought

27 │ or defended in bad faith or without a reasonable basis.

28 │

- 22 -

8.3     Except as set forth in ¶8.4 below, this Stipulation, whether or not consummated, and any discussions, negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties for any purpose, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Defendants with respect to the truth of any allegation by Lead Plaintiffs and the Class or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including, but not limited to, the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representatives or any other Members of the Class as evidence of any infirmity in the claims of Lead Plaintiffs or the other Members of the Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants or against Lead Plaintiffs or any other Members of the Class, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

- 23 -

1012127_3

(d)     do not constitute, and shall not be construed as, or offered or received against or to the prejudice of Defendants, Lead Plaintiffs, or any other Members of the Class, as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e)     do not constitute, and shall not be construed as, or offered or received against or to the prejudice of Defendants, Lead Plaintiffs, or any other Members of the Class, as evidence of a presumption, concession, or admission that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

8.4     Defendants may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate the liability protection granted them under any applicable insurance policies.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

8.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8     The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no

- 24 -

representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.9    Lead Counsel, on behalf of the Class, are expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.10   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.11   The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

8.12   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation and matters related to the settlement.

8.14   Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

8.15   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of

1012127_3

1  California, and the rights and obligations of the parties to the Stipulation shall be

2  construed and enforced in accordance with, and governed by, the internal, substantive

3  laws of the State of California without giving effect to that State's choice-of-law

4  principles.

5      IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

6  executed, by their duly authorized attorneys, dated as of April 8, 2015.

7                                      ROBBINS GELLER RUDMAN
                                        & DOWD LLP
8                                      ANDREW J. BROWN
                                        THOMAS E. EGLER
9                                      ROBERT K. LU
                                        ERIK W. LUEDEKE

10

11                                                  ANDREW J. BROWN

12

13                                     655 West Broadway, Suite 1900
                                        San Diego, CA  92101
14                                     Telephone:  619/231-1058
                                        619/231-7423 (fax)

15                                     Lead Counsel for Plaintiffs

16

17                                     BARRETT JOHNSTON MARTIN
                                        & GARRISON, LLC
                                        GERALD E. MARTIN
18                                     TIMOTHY L. MILES
                                        Bank of America Plaza
19                                     414 Union Street, Suite 900
                                        Nashville, TN  37219
20                                     Telephone:  615/244-2202
                                        615/252-3798 (fax)

21

22                                     HOLZER & HOLZER, LLC
                                        COREY D. HOLZER
                                        MARSHALL P. DEES
23                                     1200 Ashwood Parkway, Suite 410
                                        Atlanta, GA  30338
24                                     Telephone:  770/392-0090
                                        770/392-0029 (fax)

25

26

27

28

1012127_3

1

2   LAW OFFICE OF ALFRED G.
        YATES, JR., P.C.
3   ALFRED G. YATES, JR.
    519 Allegheny Building
4   429 Forbes Avenue
    Pittsburgh, PA 15219
5   Telephone: 412/391-5164
    412/471-1033 (fax)

6   Additional Plaintiffs' Counsel

7   SKADDEN, ARPS, SLATE,
        MEAGHER & FLOM LLP
8   PETER B. MORRISON

9

10  _____

11            PETER B. MORRISON

12  300 South Grand Avenue
    Los Angeles, CA 90071-3144
13  Telephone: 213/687-5000
    213/687-5600 (fax)

14

15  LATHAM & WATKINS LLP
    PETER A. WALD

16

17

18  _____
              PETER A. WALD

19  650 Town Center Drive, 20th Floor
    Costa Mesa, CA 92626-1925
20  Telephone: 714/540-1235
    714/755-8290 (fax)

21

22  Counsel for Defendants

23

24

25

26

27

28

- 27 -

1012127_3

LAW OFFICE OF ALFRED G.
   YATES, JR., P.C.
ALFRED G. YATES, JR.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
Telephone:  412/391-5164
412/471-1033 (fax)

Additional Plaintiffs' Counsel

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
PETER B. MORRISON

---

PETER B. MORRISON

300 South Grand Avenue
Los Angeles, CA  90071-3144
Telephone:  213/687-5000
213/687-5600 (fax)

LATHAM & WATKINS LLP
PETER A. WALD

---

*Peter A. Wald* /ORG

PETER A. WALD

650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
Telephone:  714/540-1235
714/755-8290 (fax)

Counsel for Defendants

- 27 -

1012127_3

INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| DOCUMENT | EXHIBIT |
|---|---|
| [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice | A-3 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | B |

1015191_1

# EXHIBIT A

ROBBINS GELLER RUDMAN
  & DOWD LLP
ANDREW J. BROWN (160562)
THOMAS E. EGLER (189871)
ROBERT K. LU (198607)
ERIK W. LUEDEKE (249211)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
andrewb@rgrdlaw.com
tome@rgrdlaw.com
rlu@rgrdlaw.com
eluedeke@rgrdlaw.com

Lead Counsel for Plaintiffs

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
GERALD E. MARTIN
TIMOTHY L. MILES
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

Additional Plaintiffs' Counsel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re QUESTCOR PHARMACEUTICALS, INC. SECURITIES LITIGATION | No. 8:12-cv-01623-DMG(JPRx) |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ALL ACTIONS. | EXHIBIT A |

1012360_2

1       WHEREAS, a consolidated action is pending before this Court entitled *In re*

2   *Questcor Pharmaceuticals, Inc. Securities Litigation*, No. 8:12-cv-01623-DMG

3   (JPRx) (the "Litigation");

4       WHEREAS, the parties having made application, pursuant to Federal Rule of

5   Civil Procedure 23(e), for an order preliminarily approving the settlement of this

6   Litigation, in accordance with a Stipulation of Settlement dated as of April 8, 2015

7   (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the

8   terms and conditions for a proposed settlement of the Litigation and for dismissal of

9   the Litigation with prejudice upon the terms and conditions set forth therein; and the

10   Court having read and considered the Stipulation and the Exhibits annexed thereto;

11   and

12       WHEREAS, unless otherwise defined, all terms used herein have the same

13   meanings as set forth in the Stipulation.

14       NOW, THEREFORE, IT IS HEREBY ORDERED:

15       1.    The Court has reviewed the Stipulation and does hereby preliminarily

16   approve the settlement set forth therein, subject to further consideration at the

17   Settlement Hearing described below.

18       2.    A hearing (the "Settlement Hearing") shall be held before this Court on

19   _____, 2015, at __:__ _.m., at the United States District Court for the Central

20   District of California, Southern Division, United States Courthouse, 312 North Spring

21   Street, Courtroom 7, Los Angeles, CA 90012, to determine whether the settlement of

22   the Litigation on the terms and conditions provided for in the Stipulation is fair,

23   reasonable, and adequate to the Class and should be approved by the Court; whether a

24   Judgment as provided in ¶1.12 of the Stipulation should be entered; whether the Plan

25   of Allocation is fair, reasonable, and adequate and should be approved; to determine

26   the amount of fees and expenses that should be awarded to Lead Counsel; and to

27

28                       - 1 -

1012360_2

1   determine the amount of expenses to be awarded to Plaintiffs. The Court may adjourn
2   the Settlement Hearing without further notice to the Members of the Class.

3        3.     The Court approves, as to form and content, the Notice of Proposed
4   Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the
5   "Proof of Claim"), and Summary Notice annexed hereto as Exhibits A-1, A-2, and A-
6   3, respectively, and finds that the mailing and distribution of the Notice and
7   publishing of the Summary Notice substantially in the manner and form set forth in
8   ¶¶4-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and
9   due process, and is the best notice practicable under the circumstances and shall
10  constitute due and sufficient notice to all Persons entitled thereto.

11       4.     The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby
12  appointed to supervise and administer the notice procedure as well as the processing
13  of claims as more fully set forth below.

14       5.     Not later than _____, 2015 (the "Notice Date"), the Claims
15  Administrator shall commence mailing the Notice and Proof of Claim, substantially in
16  the forms annexed hereto, by First-Class Mail to all Class Members who can be
17  identified with reasonable effort, and to be posted on its website at
18  www.questcorsecuritieslitigation.com.

19       6.     Not later than fourteen (14) calendar days after the Notice Date, the
20  Claims Administrator shall cause the Summary Notice to be published once in the
21  national edition of *Investor's Business Daily* and once over *Business Wire*.

22       7.     At least fourteen (14) calendar days prior to the Settlement Hearing, Lead
23  Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit
24  or declaration, of such mailing and publishing.

25       8.     Nominees who purchased Questcor common stock for the beneficial
26  ownership of Class Members during the Class Period shall send the Notice and the
27  Proof of Claim to all such beneficial owners of Questcor common stock within ten

28
                                    - 2 -

1012360_2

(10) days after receipt thereof, or send a list of the names and addresses of such
beneficial owners to the Claims Administrator within ten (10) days of receipt thereof,
in which event the Claims Administrator shall promptly mail the Notice and Proof of
Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks,
brokerage houses or other nominees solely for their reasonable out-of-pocket expenses
incurred in providing notice to beneficial owners who are Class Members out of the
Settlement Fund, which expenses would not have been incurred except for the sending
of such notice, subject to further order of this Court with respect to any dispute
concerning such compensation.

9.      All Members of the Class shall be bound by all determinations and
judgments in the Litigation concerning the settlement, whether favorable or
unfavorable to the Class.

10.     Class Members who wish to participate in the settlement shall complete
and submit Proofs of Claim in accordance with the instructions contained therein.
Unless the Court orders otherwise, all Proofs of Claim must be postmarked or
submitted electronically no later than ninety (90) days from the Notice Date.  Any
Class Member who does not timely submit a Proof of Claim within the time provided
for, shall be barred from sharing in the distribution of the proceeds of the Settlement
Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead
Counsel may, in their discretion, accept late-submitted claims for processing by the
Claims Administrator so long as distribution of the Net Settlement Fund to Authorized
Claimants is not materially delayed thereby.

11.     Any Member of the Class may enter an appearance in the Litigation, at
their own expense, individually or through counsel of their own choice.  If they do not
enter an appearance, they will be represented by Lead Counsel.

12.     Any Person falling within the definition of the Class may, upon request,
be excluded or "opt out" from the Class.  Any such Person must submit to the Claims

- 3 -

1012360_2

1  Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail,
2  or hand-delivered such that it is postmarked no later than twenty-eight (28) days prior
3  to the Settlement Hearing.  A Request for Exclusion must be signed and state (a) the
4  name, address, and telephone number of the Person requesting exclusion; (b) the date,
5  price and number of shares of all of the Person's purchases, acquisitions and sales of
6  Questcor common stock during the Class Period; and (c) that the Person wishes to be
7  excluded from the Class.  All Persons who submit valid and timely Requests for
8  Exclusion in the manner set forth in this paragraph shall have no rights under the
9  Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not
10  be bound by the Stipulation or any final judgment.

11      13.    The Claims Administrator or Lead Counsel shall cause to be provided to
12  Defendants' counsel copies of all Requests for Exclusion, as expeditiously as possible
13  and in any event not less than twenty-one (21) calendar days prior to the Settlement
14  Hearing.

15      14.    Any Member of the Class may appear and show cause why the settlement
16  of the Litigation should or should not be approved as fair, reasonable, and adequate,
17  why a judgment should or should not be entered thereon, why the Plan of Allocation
18  should or should not be approved, why attorneys' fees and expenses should or should
19  not be awarded to Lead Counsel, or why the expenses of Plaintiffs should or should
20  not be awarded; provided, however, that no Class Member or any other Person shall
21  be heard or entitled to contest such matters, unless that Person has delivered by hand
22  or sent by First-Class Mail written objections and copies of any papers and briefs such
23  that they are received on or before twenty-eight (28) days prior to the Settlement
24  Hearing, by Robbins Geller Rudman & Dowd LLP, Jeffrey D. Light, 655
25  West Broadway, Suite 1900, San Diego, CA 92101; Skadden, Arps, Slate, Meagher &
26  Flom LLP, Peter B. Morrison, 300 South Grand Avenue, Los Angeles, CA 90071; and
27  Latham & Watkins LLP, Peter A. Wald, 650 Town Center Drive, 20th Floor, Costa
28

- 4 -

1012360_2

1  Mesa, CA 92626, and filed said objections, papers, and briefs with the Clerk of the

2  United States District Court for the Central District of California, United States

3  Courthouse, 312 North Spring Street, Room G-8, Los Angeles, CA 90012, on or

4  before _____, 2015. Any Member of the Class who does not make his, her or its

5  objection in the manner provided shall be deemed to have waived such objection and

6  shall forever be foreclosed from making any objection to the fairness or adequacy of

7  the settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award

8  of attorneys' fees and expenses to Lead Counsel or expenses of Plaintiffs unless

9  otherwise ordered by the Court.

10      15.    All funds held by the Escrow Agent shall be deemed and considered to be

11  in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,

12  until such time as such funds shall be distributed pursuant to the Stipulation and/or

13  further order(s) of the Court.

14      16.    All opening briefs and supporting documents in support of the settlement,

15  the Plan of Allocation, and any application by counsel for the Plaintiffs for attorneys'

16  fees and expenses or by Plaintiffs for their expenses shall be filed and served at least

17  fourteen (14) calendar days prior to the deadline for objections in ¶14. Replies to any

18  objections shall be filed and served at least seven (7) calendar days prior to the

19  Settlement Hearing.

20      17.    Neither the Defendants and their Related Parties nor the Defendants'

21  counsel shall have any responsibility for the Plan of Allocation or any application for

22  attorneys' fees or expenses submitted by Plaintiffs' counsel or Plaintiffs, and such

23  matters will be considered separately from the fairness, reasonableness, and adequacy

24  of the settlement.

25      18.    At or after the Settlement Hearing, the Court shall determine whether the

26  Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees

27  or payment of expenses shall be approved.

28

- 5 -

1012360_2

19.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.6 or 2.8 of the Stipulation.

20.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

21.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

22.     If the Stipulation and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

- 6 -

1012360_2

1      23.    Pending final determination of whether the proposed settlement should be

2  approved, neither the Plaintiffs, nor any Class Member, directly or indirectly,

3  representatively, or in any other capacity, shall commence or prosecute against any of

4  the Released Parties, any action or proceeding in any court or tribunal asserting any of

5  the Released Claims.

6      IT IS SO ORDERED.

7

8  DATED: _____

9                      THE HONORABLE DOLLY M. GEE
                           UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

1012360_2

# EXHIBIT A-1

1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  ANDREW J. BROWN (160562)
    THOMAS E. EGLER (189871)
3  ROBERT K. LU (198607)
    ERIK W. LUEDEKE (249211)
4  655 West Broadway, Suite 1900
    San Diego, CA  92101
5  Telephone:  619/231-1058
    619/231-7423 (fax)
6  andrewb@rgrdlaw.com
    tome@rgrdlaw.com
7  rlu@rgrdlaw.com
    eluedeke@rgrdlaw.com
8
    Lead Counsel for Plaintiffs
9
    BARRETT JOHNSTON MARTIN
10   & GARRISON, LLC
    GERALD E. MARTIN
11  TIMOTHY L. MILES
    Bank of America Plaza
12  414 Union Street, Suite 900
    Nashville, TN  37219
13  Telephone:  615/244-2202
    615/252-3798 (fax)
14
    Additional Plaintiffs' Counsel
15

16            UNITED STATES DISTRICT COURT
17           CENTRAL DISTRICT OF CALIFORNIA
18               SOUTHERN DIVISION
19
    In re QUESTCOR              )  No. 8:12-cv-01623-DMG(JPRx)
20  PHARMACEUTICALS, INC.       )
    SECURITIES LITIGATION       )  CLASS ACTION
21                              )
                                )  NOTICE OF PROPOSED
22  This Document Relates To:    )  SETTLEMENT OF CLASS ACTION
                                )
23      ALL ACTIONS.             )  EXHIBIT A-1
                                )
24

25

26

27

28

    1012518_2

1    *If you purchased or otherwise acquired the common stock of Questcor*
2    *Pharmaceuticals, Inc. ("Questcor" or the "Company")[1] during the period from*
3    *April 4, 2011 through September 21, 2012, inclusive (the "Class Period"), and are*
4    *not otherwise excluded from the Class (see Question 6 below), you could get a*
5    *payment from a class action settlement.*

6    A federal court authorized this Notice. This is not a solicitation from a lawyer.
7    Your legal rights may be affected whether you act or do not act. Read this Notice
8    carefully.

9    **Security and Time Period**: Purchases or acquisitions of Questcor common
10   stock purchased between April 4, 2011 and September 21, 2012, inclusive.

11   **Settlement Fund:** $38,000,000 in cash plus any interest earned. Your
12   recovery will depend on the timing of your purchases, acquisitions and/or sales of
13   Questcor common stock during the Class Period. Based on the information currently
14   available to Plaintiffs and the analysis performed by their damages consultant, it is
15   estimated that if Class Members submit claims for 100% of the shares eligible for
16   distribution under the Plan of Allocation (described below), the estimated average
17   distribution per share of common stock will be approximately $0.87 before deduction
18   of Court-approved fees and expenses, including the cost of notifying Members of the
19   Class and settlement administration and any attorneys' fees and expenses awarded by
20   the Court to Lead Counsel and any award to Plaintiffs for their representation of the
21   Class. Historically, actual claims rates are less than 100%, which result in higher
22   distributions per share. A Class Member's actual recovery will be a proportion of the
23   Net Settlement Fund determined by that claimant's recognized claim as compared to
24   the total recognized claims of all Class Members who submit valid Proof of Claim and
25   Release forms ("Proof of Claim").

26   ───────────────
[1]   This Notice incorporates by reference the definitions in the Stipulation of
27   Settlement dated as of April 8, 2015 ("Stipulation"), and all capitalized terms used,
     but not defined herein, shall have the same meanings as in the Stipulation. The
28   Stipulation can be obtained at www.questcorsecuritieslitigation.com.

- 1 -

1    **Reasons for Settlement:** Avoids the costs and risks associated with continued
2    litigation, including the danger of no recovery.

3        Plaintiffs believe that the claims asserted in the Litigation have merit and that
4    the facts developed to date support the claims asserted.  Plaintiffs and their counsel
5    believe that the Settlement provides the Class with a substantial benefit now in lieu of
6    engaging in further litigation, with the risk of no recovery.

7        Defendants have denied and continue to deny, *inter alia*, that Plaintiffs and the
8    Class have suffered damages, that Defendants or any of them made or caused to be
9    made any alleged material misrepresentation or omission, and that any Defendant
10   acted with scienter in making or causing any alleged misrepresentation or omission.
11   Nonetheless, Defendants have concluded that further conduct of the Litigation could
12   be protracted and expensive, and that it is desirable that the Litigation be fully and
13   finally settled in the manner and upon the terms and conditions set forth in the parties'
14   Stipulation.  Defendants also have taken into account the uncertainty and risks
15   inherent in any litigation, especially in complex cases like this Litigation.

16       **If the Case Had Not Settled:** Continuing with the case could have resulted in
17   Plaintiffs' claims being dismissed, at summary judgment, trial, or on appeal.  The two
18   sides vigorously disagree on both liability and the amount of money that could have
19   been won if Plaintiffs prevailed at trial.  The parties disagree, among other issues,
20   about: (1) whether any Defendant made a false statement; (2) whether any Defendant
21   knew any alleged false statement was false when made; (3) the method for
22   determining whether the price of Questcor common stock was artificially inflated
23   during the relevant period; (4) whether there was any such inflation and the amount of
24   any such alleged inflation; (5) whether there was any wrongdoing on the part of any
25   Defendant; (6) the extent that various facts alleged by Plaintiffs influenced the trading
26   price of Questcor common stock during the Class Period; and (7) whether any
27   allegedly false or misleading statement or omission was material under the federal
28   securities laws.

- 2 -

1012518_2

1    **Attorneys' Fees and Expenses:**  Court-appointed Lead Counsel will ask the

2   Court for attorneys' fees not to exceed 27.5% of the Settlement Fund and expenses not

3   to exceed $675,000 to be paid from the Settlement Fund plus interest.  Plaintiffs may

4   also apply for their time and expenses in representing the Class in an amount not to

5   exceed $10,000 in the aggregate.  Lead Counsel have not received any payment for

6   their work investigating the facts, prosecuting this Litigation, and negotiating this

7   settlement on behalf of the Plaintiffs and the Class.  If the above amounts are

8   requested and approved by the Court, the average cost per share of common stock will

9   be approximately $0.26.

10    **More Information:**  www.questcorsecuritieslitigation.com or

11    Claims Administrator:                    Representative of Lead Counsel:

12    *Questcor Securities Litigation*        Rick Nelson
    Claims Administrator                       Shareholder Relations
13    c/o Gilardi & Co. LLC                      Robbins Geller Rudman & Dowd LLP
    P.O. Box 8040                                655 West Broadway, Suite 1900
14    San Rafael, CA 94912-8040          San Diego, CA  92101
    1-888-564-2634                            1-800-449-4900

15
    •  Your legal rights are affected whether you act or do not act.  Read this Notice
16
17    carefully.

18  **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

19  **SUBMIT A CLAIM FORM**   The only way to get a payment.  Proofs of Claim must

20                                            be  mailed  or  submitted  online  on  or  before

21                                            _____, 2015.

22  **EXCLUDE YOURSELF**        Get no payment.  Unless you exclude yourself from

23                                            the Class, you will be unable to pursue any claims

24                                            against the Defendants or any other Released Person

25                                            related to the wrongdoing alleged in this lawsuit.

26                                            Exclusions must be postmarked twenty-eight (28)

27                                            days prior to the Settlement Hearing.

28

- 3 -

1012518_2

| | | |
|---|---|---|
| 1 | **OBJECT** | You may write to the Court if you have any objection |
| 2 | | to the settlement, the request for attorneys' fees and |
| 3 | | expenses, the requested award to Plaintiffs for their |
| 4 | | time and expenses in representing the Class, or the |
| 5 | | Plan of Allocation. Objections must be filed with the |
| 6 | | Court and received by counsel twenty-eight (28) days |
| 7 | | prior to the Settlement Hearing. |
| 8 | **GO TO THE** | You may ask to speak in Court about the fairness of |
| 9 | **SETTLEMENT** | the settlement. Requests to speak must be filed with |
| 10 | **HEARING** | the Court and received by counsel on or before |
| 11 | | _____, 2015.   The Court hearing on the |
| 12 | | settlement, Plan of Allocation, and Lead Counsel's |
| 13 | | request for an award of attorneys' fees and expenses is |
| 14 | | scheduled for _____, 2015, at __.[2] |
| 15 | **DO NOTHING** | Get no payment. Give up your rights. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

---

[2]   The date and/or time of the Court hearing on the fairness of the settlement may change without further notice to the Class. If you plan on attending the Court hearing, please check the website, www.questcorsecuritieslitigation.com or call Rick Nelson, Shareholder Relations representative of Lead Counsel at 1-800-449-4900 to confirm that the date and/or time has not changed.

- 4 -

1012518_2

## BASIC INFORMATION

1.   **Why did I get this notice package?**

You or someone in your family may have purchased or otherwise acquired Questcor common stock between April 4, 2011 and September 21, 2012, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, Southern Division (the "Court"), and the case is known as *In re Questcor Pharmaceuticals, Inc. Securities Litigation*, No. 8:12-cv-01623-DMG(JPRx).   The entities and person that led the Litigation, West Virginia Investment Management Board, Plumbers & Pipefitters National Pension Fund and Steven Glucksberg are called Plaintiffs and Questcor and the individuals they sued are called Defendants.[3]

2.   **What is this lawsuit about?**

On March 5, 2013, Plaintiffs filed the Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Complaint") against defendants Questcor, Bailey, Mulroy, Cartt, Young, David J. Medeiros and Mitchell J. Blutt.  Plaintiffs alleged, among other things, that throughout the Class Period, Defendants issued false and misleading statements about the effectiveness of, and prospects for, Questcor's sole product, Acthar, while simultaneously using Questcor's cash to prop up the price

---

[3]   The Individual Defendants in this Litigation are Don M. Bailey ("Bailey"), Michael H. Mulroy ("Mulroy"), Stephen L. Cartt ("Cartt"), and David Young ("Young").

- 5 -

i012518_2

1   of Questcor shares through the purchase of hundreds of millions of dollars of Questcor

2   stock in the open market.  As a result, Questcor's stock traded at artificially inflated

3   prices.  On May 6, 2013, all Defendants moved to dismiss the Complaint.  Defendants

4   asserted, among other things, that Plaintiffs failed to plead the elements of falsity,

5   scienter, and loss causation under the pleading standards set forth in the Federal Rules

6   of Civil Procedure and the Private Securities Litigation Reform Act of 1995

7   ("PSLRA").  After full briefing by all parties, the Court held a hearing on September

8   13, 2013, and issued its order granting in part and denying in part the motions to

9   dismiss (the "Order").  In the Order, the Court dismissed individual defendants David

10  J. Medeiros and Mitchell J. Blutt, as well as allegations related to misstatements by

11  Questcor about its compliance with regulations and industry standards.  The Court

12  denied all other aspects of Defendants' motions to dismiss.  Thereafter, Defendants

13  filed answers denying all allegations in the Complaint and asserting defenses thereto.

14       Following the ruling on Defendants' motions to dismiss, the Settling Parties

15  began formal discovery.  The Settling Parties served written discovery on each other,

16  and issued subpoenas to third parties.  By the close of fact discovery in January 2015,

17  Plaintiffs had collected over 1.6 million pages of documents from, and took 26

18  depositions of, Defendants and various current and former Questcor employees,

19  prescribing doctors and other third parties.  Similarly, Defendants collected over

20  200,000 pages of documents from Plaintiffs, their investment managers and other

21  third parties and took six total depositions.

22       In the course of the Litigation, the Settling Parties engaged the services of the

23  Honorable Layn R. Phillips (Ret.), a nationally recognized mediator.  The Settling

24  Parties engaged in an in-person mediation session with Judge Phillips, on September

25  8, 2014.  While the Settling Parties did not reach an agreement to settle the Litigation

26  at the mediation, the Settling Parties continued settlement negotiations with the

27  assistance of Judge Phillips.  These efforts culminated with the Settling Parties

28

- 6 -

1012518_2

1 | agreeing to settle the Litigation for $38,000,000, pursuant to a mediator's proposal by
2 | Judge Phillips which was separately accepted by the Settling Parties.

3 | **3. Why is this a class action?**

4 | In a class action, one or more people called class representatives (in this case,
5 | Plaintiffs West Virginia Investment Management Board, Plumbers & Pipefitters
6 | National Pension Fund and Steven Glucksberg), sue on behalf of people who have
7 | similar claims. All of these people and/or entities are called a class or class members.
8 | One judge – in this case, United States District Court Judge Dolly M. Gee – resolves
9 | the issues for all class members, except for those who exclude themselves from the
10 | class.

11 | **4. Why is there a settlement?**

12 | The Court did not decide in favor of the Plaintiffs or Defendants. Instead, the
13 | lawyers for both sides of the lawsuit have negotiated a settlement with the assistance
14 | of a highly respected mediator that they believe is in the best interests of their
15 | respective clients. The settlement allows both sides to avoid the risks and cost of
16 | lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits
17 | Class Members to be compensated without further delay. The Plaintiffs and their
18 | attorneys think the settlement is best for all Class Members. The Defendants have
19 | denied and continue to deny each and all of the claims alleged by Plaintiffs and the
20 | Class in the Litigation, but have concluded that further defense of the Litigation would
21 | be protracted and expensive, and that it is desirable that the Litigation be fully and
22 | finally settled in the manner and upon the terms and conditions set forth in the
23 | Stipulation. Defendants have also taken into account the uncertainty and risks
24 | inherent in any litigation, especially in complex cases such as this Litigation.

25 | **WHO GETS MONEY FROM THE SETTLEMENT**

26 | To see if you will get money from this settlement, you first have to determine if
27 | you are a Class Member.

28 |

- 7 -

1012518_2

**5.     How do I know if I am part of the settlement?**

The Class includes *all persons who purchased or otherwise acquired Questcor common stock between April 4, 2011 and September 21, 2012, inclusive*.

**6.     Are there exceptions to being included in the Class?**

Yes.  Excluded from the Class are current and former defendants, members of the immediate family of any current or former defendants, directors, officers, subsidiaries and affiliates of Questcor, any person, firm, trust, corporation, officer, director or other individual or entity in which any current or former defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

**7.     I'm still not sure if I am included.**

If you still are not sure whether you are included, you can ask for free help. You can call 1-888-564-2634 or visit www.questcorsecuritieslitigation.com for more information; or, you can call Rick Nelson at 1-800-449-4900 for more information.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**8.     What does the settlement provide?**

The Defendants have agreed to pay or cause to be paid $38,000,000 in cash (the "Settlement Fund").  The Settlement Fund, plus interest earned from the date it is established, less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid Proofs of Claim ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses, and the time and expenses of Plaintiffs approved by the Court, the costs of notifying Class Members, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, the costs of claims administration, and taxes on the Settlement Fund.

1012518_2

### 9. How much will my payment be?

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members send in and how many shares of Questcor common stock you purchased or otherwise acquired during the relevant period and when you bought and sold them.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel conferred with their damages consultant and the Plan of Allocation reflects a fair and reasonable method to allocate the settlement proceeds among Authorized Claimants.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.[4]

Class Period: April 4, 2011 – September 21, 2012

1. For shares of Questcor common stock *purchased or otherwise acquired on or between April 4, 2011 through September 18, 2012*, the claim per share shall be as follows:

   a) If sold on or between April 4, 2011 through September 21, 2012, the claim per share shall be the lesser of (i) the purchase

---

[4] If any of the formulas set forth below yield an amount less than $0.00, the claim per share is $0.00.

- 9 -

1012518_2

price times the percent inflation in Table A less the sales price times the percent inflation in Table A; and (ii) the difference between the purchase price and the sales price.

b)  If retained at the end of September 18, 2012 and sold before December 17, 2012, the claim per share shall be the lesser of (i) the inflation in Table A at the time of purchase; (ii) the difference between the purchase price and the sales price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below.

c)  If retained at the close of trading on December 17, 2012, or sold thereafter, the claim per share shall be the lesser of (i) the purchase price times the percent inflation in Table A; (ii) the difference between the purchase price and the sales price; and (iii) the difference between the purchase price and $24.57 per share.

2.  For shares of Questcor common stock *purchased or otherwise acquired on or between September 19, 2012 through September 21, 2012*, the claim per share shall be zero.

TABLE A

| Period | | Inflation as Percent of Price |
|---|---|---|
| Begin | End | |
| 4/5/2011 | 1/11/2012 | 65.2% |
| 1/12/2012 | 7/10/2012 | 59.0% |
| 7/11/2012 | 9/18/2012 | 48.0% |
| 9/19/2012 | 9/21/2012 | 0% |

1012518_2

- 10 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE B**

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 19-Sep-12 | $26.35 | $26.35 |
| 20-Sep-12 | $30.33 | $28.34 |
| 21-Sep-12 | $30.13 | $28.94 |
| 24-Sep-12 | $19.08 | $26.47 |
| 25-Sep-12 | $19.29 | $25.04 |
| 26-Sep-12 | $18.24 | $23.90 |
| 27-Sep-12 | $17.83 | $23.04 |
| 28-Sep-12 | $18.47 | $22.47 |
| 1-Oct-12 | $19.01 | $22.08 |
| 2-Oct-12 | $19.55 | $21.83 |
| 3-Oct-12 | $19.41 | $21.61 |
| 4-Oct-12 | $19.36 | $21.42 |
| 5-Oct-12 | $19.40 | $21.27 |
| 8-Oct-12 | $20.29 | $21.20 |
| 9-Oct-12 | $20.96 | $21.18 |
| 10-Oct-12 | $20.36 | $21.13 |
| 11-Oct-12 | $21.04 | $21.12 |
| 12-Oct-12 | $22.01 | $21.17 |
| 15-Oct-12 | $23.18 | $21.28 |
| 16-Oct-12 | $24.88 | $21.46 |
| 17-Oct-12 | $25.30 | $21.64 |
| 18-Oct-12 | $25.76 | $21.83 |
| 19-Oct-12 | $24.99 | $21.97 |
| 22-Oct-12 | $26.26 | $22.15 |
| 23-Oct-12 | $25.93 | $22.30 |
| 24-Oct-12 | $25.92 | $22.44 |
| 25-Oct-12 | $26.17 | $22.57 |
| 26-Oct-12 | $26.17 | $22.70 |
| 31-Oct-12 | $25.48 | $22.80 |
| 1-Nov-12 | $25.45 | $22.89 |
| 2-Nov-12 | $23.80 | $22.92 |
| 5-Nov-12 | $24.14 | $22.95 |
| 6-Nov-12 | $24.96 | $23.02 |
| 7-Nov-12 | $25.39 | $23.09 |
| 8-Nov-12 | $25.87 | $23.16 |
| 9-Nov-12 | $25.05 | $23.22 |

- 11 -

| | | |
|---|---|---|
| 12-Nov-12 | $25.36 | $23.27 |
| 13-Nov-12 | $25.70 | $23.34 |
| 14-Nov-12 | $25.29 | $23.39 |
| 15-Nov-12 | $25.06 | $23.43 |
| 16-Nov-12 | $24.78 | $23.46 |
| 19-Nov-12 | $24.63 | $23.49 |
| 20-Nov-12 | $25.64 | $23.54 |
| 21-Nov-12 | $25.71 | $23.59 |
| 23-Nov-12 | $26.39 | $23.65 |
| 26-Nov-12 | $27.84 | $23.74 |
| 27-Nov-12 | $27.66 | $23.83 |
| 28-Nov-12 | $27.50 | $23.90 |
| 29-Nov-12 | $28.17 | $23.99 |
| 30-Nov-12 | $25.90 | $24.03 |
| 3-Dec-12 | $25.66 | $24.06 |
| 4-Dec-12 | $26.31 | $24.10 |
| 5-Dec-12 | $25.61 | $24.13 |
| 6-Dec-12 | $26.41 | $24.17 |
| 7-Dec-12 | $26.83 | $24.22 |
| 10-Dec-12 | $27.14 | $24.28 |
| 11-Dec-12 | $27.68 | $24.33 |
| 12-Dec-12 | $27.65 | $24.39 |
| 13-Dec-12 | $27.37 | $24.44 |
| 14-Dec-12 | $27.75 | $24.50 |
| 17-Dec-12 | $28.81 | $24.57 |

For Class Members who held Questcor common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Questcor common stock during the Class Period will be matched in chronological order, first against common stock held at the beginning of the Class Period. The remaining sales of Questcor common stock during the Class Period will then be matched, in chronological order, against Questcor common stock purchased or acquired during the Class Period.

1    An Authorized Claimant will be eligible to receive a distribution from the Net
2  Settlement Fund only if a Class Member had a net loss, after all profits from
3  transactions in Questcor common stock during the Class Period are subtracted from all
4  losses.  However, the proceeds from sales of Questcor common stock which have
5  been matched against Questcor common stock held at the beginning of the Class
6  Period will not be used in the calculation of such net loss.

7    The Court has reserved jurisdiction to allow, disallow, or adjust the claim of
8  any Class Member on equitable grounds.

9    Payment pursuant to the Plan of Allocation set forth above shall be conclusive
10  against all Authorized Claimants.  No Person shall have any claim against Plaintiffs,
11  any counsel for Plaintiffs, any claims administrator or other Person designated by
12  Lead Counsel, Defendants, the Related Parties, the Released Persons, or counsel for
13  Defendants based on distributions made substantially in accordance with the
14  Stipulation and the settlement contained therein, the Plan of Allocation, or further
15  orders of the Court.  All Class Members who fail to complete and file a valid and
16  timely Proof of Claim shall be barred from participating in distributions from the Net
17  Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound
18  by all of the terms of the Stipulation, including the terms of any judgment entered and
19  the releases given.

20      **HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

21      **10.    How will I get a payment?**

22      To qualify for a payment, you must send in a Proof of Claim.  A Proof of Claim
23  is  enclosed  with  this  Notice  or  it  can  be  downloaded  at
24  www.questcorsecuritieslitigation.com.  Read the instructions carefully, fill out the
25  form, include all the documents the form asks for, sign it, and mail it in the enclosed
26  envelope or submit it online no later than _____, 2015.  The claim form may be
27  submitted online at www.questcorsecuritieslitigation.com.

28

1012518_2

**11.     When would I get my payment?**

The Court will hold a hearing on _____, 2015, at _____, to decide whether to approve the settlement.[5] If Judge Gee approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the claim forms to be processed. If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund as early as nine months after the fairness hearing. Please be patient.

**12.     What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or about issues that could have been asserted in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your Released Claims in this case against Defendants and their Related Parties. "Released Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, asserted or unasserted, whether arising under federal, state, local, statutory, common, foreign or administrative law, or any other law, rule or regulation, whether fixed or contingent, at law or in equity, whether class or individual in nature, that Plaintiffs, or any other Member of the Class or the representatives, heirs, successors-in-interest and assigns of any of them, asserted in the Litigation or could have asserted, directly or indirectly, in any forum that arise out of or are based upon or related to (i) the purchase or acquisition of Questcor common stock, and (ii) the claims, allegations, transactions, facts, matters, circumstances, or occurrences, representations or omissions involved, set forth, alleged,

---

[5]   The date and/or time of the Court hearing on the fairness of the settlement may change without further notice to the Class. If you plan on attending the Court hearing, please check the website, www.questcorsecurities.com or call Rick Nelson, Shareholder Relations representative of Lead Counsel at 1-800-449-4900 to confirm that the date and/or time has not changed.

- 14 -

1  embraced, encompassed, or otherwise referred to in the Complaint. "Released Claims"
2  includes "Unknown Claims" as defined in ¶1.28 of the Stipulation.

3      "Related Parties" means each of a Defendant's respective present and former
4  parents, subsidiaries, divisions and affiliates and the respective present and former
5  employees, members, partners, principals, officers, directors, attorneys, advisors,
6  accountants, auditors, and insurers of each of them; and the predecessors, successors,
7  estates, heirs, executors, trusts, trustees, administrators, agents, representatives and
8  assigns of each of them, in their capacity as such.

9              **EXCLUDING YOURSELF FROM THE SETTLEMENT**

10     If you do not want a payment from this settlement, but you want to keep the
11 right to sue or continue to sue the Defendants on your own about the same issues in
12 this case, then you must take steps to get out of the Class. This is called excluding
13 yourself or is sometimes referred to as opting out of the Class.

14     **13.  How do I get out of the Class?**

15     To exclude yourself from the Class, you must send a letter by mail stating that
16 you want to be excluded from *In re Questcor Pharmaceuticals, Inc. Securities*
17 *Litigation*, No. 8:12-cv-01623-DMG(JPRx). You must sign the letter, and include (a)
18 your name, address, telephone number; and (b) the date, price and number of shares of
19 all of your purchases, acquisitions and sales of Questcor common stock during the
20 Class Period. You must mail your exclusion request postmarked no later than twenty-
21 eight (28) days prior to the Settlement Hearing to:

22          Questcor Securities Litigation
            Claims Administrator
23          c/o Gilardi & Co. LLC
            P.O. Box 8040
24          San Rafael, CA 94912-8040

25     You cannot exclude yourself on the phone or by e-mail. If you ask to be
26 excluded, you are not eligible to get any settlement payment, and you cannot object to
27 the settlement. You will not be legally bound by anything that happens in this lawsuit.

28

- 15 -

1012518_2

**14.     If I do not exclude myself, can I sue Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Defendants or any Released Person for the claims that this settlement resolves.  Remember, the exclusion deadline twenty-eight (28) days prior to the Settlement Hearing.

**15.     If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, do not send in a Proof of Claim to ask for any money.  Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

## THE LAWYERS REPRESENTING YOU

**16.     Do I have a lawyer in this case?**

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you and other Class Members.  These lawyers are called Lead Counsel. These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.     How will the lawyers be paid?**

At the fairness hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed 27.5% of the Settlement Fund and expenses not to exceed $675,000, in connection with the Litigation.  Plaintiffs may also request up to $10,000 in the aggregate for their time and expenses in representing the Class.  If awarded, the cost would be approximately $0.26 per share.  This compensation will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  To date, Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Class, nor have counsel been paid for their expenses.  The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees

- 16 -

1 | awarded to class counsel under similar circumstances in other cases of this type. The
2 | Court may award less than this amount.

3 | **OBJECTING TO THE SETTLEMENT**

4 | You can tell the Court that you do not agree with the settlement, the Plan of
5 | Allocation, Lead Counsel's request for an award of attorneys' fees and expenses, or
6 | Plaintiffs' expenses.

7 | **18.   How do I tell the Court that I do not like the settlement?**

8 | If you are a Class Member (and you have not excluded yourself), you can object
9 | to the settlement, the request for attorneys' fees and expenses, the requested awards to
10 | Plaintiffs for their time and expenses in representing the Class, or the Plan of
11 | Allocation if you do not like any part of it. The Court can only approve or deny the
12 | settlement. You cannot ask the Court to order a larger settlement. If the Court denies
13 | the settlement, no settlement payments will be sent out and the lawsuit will continue.
14 | You can give reasons why you think the Court should not approve the settlement, the
15 | request for attorneys' fees and expenses, the requested awards to Plaintiffs, or the Plan
16 | of Allocation. The Court will consider your views. To object, you must file an
17 | objection saying that you object to the proposed settlement in *In re Questcor*
18 | *Pharmaceuticals, Inc. Securities Litigation*, No. 8:12-cv-01623-DMG(JPRx). Be sure
19 | to include your name, address, telephone number, your signature, the number of
20 | shares of Questcor common stock you purchased or otherwise acquired during the
21 | period from April 4, 2011 through September 21, 2012, inclusive, and the reasons you
22 | object to the settlement, the requested attorneys' fees and expenses, the requested
23 | awards to Plaintiffs, and/or the Plan of Allocation. Any such objection must be
24 | mailed or delivered such that it is received by each of the following no later than
25 | twenty-eight (28) days prior to the Settlement Hearing.

26
27
28

1012518_2

- 17 -

*Court*:

Clerk of the Court
United States District Court
Central District of California
Southern Division
United States Courthouse
312 North Spring Street, Room G-8
Los Angeles, CA 90012

*Counsel for Plaintiffs*:

ROBBINS GELLER RUDMAN & DOWD LLP
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants*:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
PETER B. MORRISON
300 South Grand Avenue
Los Angeles, CA 90071

LATHAM & WATKINS LLP
PETER A. WALD
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626

**19.    What is the difference between objecting and excluding myself from the settlement?**

Objecting is telling the Court that you do not like something about the proposed settlement. You can object ***only*** if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend, but you do not have to.

**20.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing at _____, on _____, 2015, at the United States District Court for the Central District of California, Southern Division, United

- 18 -

1012518_2

1  States Courthouse, 312 North Spring Street, Courtroom 7, Los Angeles, CA 90012.
2  At this hearing, the Court will consider whether the settlement is fair, reasonable, and
3  adequate. If there are objections, the Court will consider them. The Court will listen
4  to people who have asked to speak at the hearing. The Court will also decide whether
5  to approve the payment of attorneys' fees and expenses to Lead Counsel, whether to
6  approve the expenses of Plaintiffs, and whether to approve the Plan of Allocation. We
7  do not know how long the hearing will take or whether the Court will make its
8  decision on the day of the hearing or sometime later.

9      **21.    Do I have to come to the hearing?**

10     No. Lead Counsel will answer questions Judge Gee may have. But, you are
11  welcome to come at your own expense. If you send an objection, you do not have to
12  come to Court to talk about it. As long as you mailed your written objection on time,
13  the Court will consider it. You may also pay your own lawyer to attend, but you are
14  not required to do so.

15     **22.    May I speak at the hearing?**

16     You may ask the Court for permission to speak at the hearing. To do so, you
17  must send a letter saying that it is your intention to appear in *In re Questcor*
18  *Pharmaceuticals, Inc. Securities Litigation*, No. 8:12-cv-01623-DMG(JPRx). Be sure
19  to include your name, address, telephone number, your signature, and the number of
20  shares of Questcor common stock you purchased or otherwise acquired between April
21  4, 2011 and September 21, 2012, inclusive. Your notice of intention to appear must
22  be filed with the Clerk of the Court and sent to Plaintiffs' and Defendants' counsel at
23  the addresses listed in Question 18 so that it is received on or before _____,
24  2015. You cannot speak at the hearing if you exclude yourself from the Class.

25

26

27

28

1012518_2

- 19 -

**IF YOU DO NOTHING**

**23.    What happens if I do nothing at all?**

If you do nothing, you will get no money from this settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the Released Persons about the same issues in this case.

**GETTING MORE INFORMATION**

**24.    Are there more details about the settlement?**

This Notice summarizes the settlement.  For the complete terms and conditions of the settlement, please see the Stipulation available at www.questcorsecuritieslitigation.com.  You can also call 1-800-449-4900 or write to a representative of Lead Counsel, Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 for more information about the settlement or the Litigation.  You can also access the Court docket in this case by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, Southern Division, 312 North Spring Street, Room G-8, Los Angeles, CA 90012.  *PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT FOR ADDITIONAL INFORMATION ABOUT THE SETTLEMENT OR THE CLAIMS PROCESS.*

**25.    Special notice to banks, brokers, and other nominees**

If you held any Questcor common stock purchased or otherwise acquired between April 4, 2011 and September 21, 2012, inclusive, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

1012518_2

- 20 -

*Questcor Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2015          BY ORDER OF THE COURT
                                  UNITED STATES DISTRICT COURT
                                  CENTRAL DISTRICT OF CALIFORNIA
                                  SOUTHERN DIVISION

1012518_2

# EXHIBIT A-2

1 | ROBBINS GELLER RUDMAN
  | & DOWD LLP
2 | ANDREW J. BROWN (160562)
  | THOMAS E. EGLER (189871)
3 | ROBERT K. LU (198607)
  | ERIK W. LUEDEKE (249211)
4 | 655 West Broadway, Suite 1900
  | San Diego, CA 92101
5 | Telephone: 619/231-1058
  | 619/231-7423 (fax)
6 | andrewb@rgrdlaw.com
  | tome@rgrdlaw.com
7 | rlu@rgrdlaw.com
  | eluedeke@rgrdlaw.com
8 |
  | Lead Counsel for Plaintiffs
9 |
  | BARRETT JOHNSTON MARTIN
10 | & GARRISON, LLC
  | GERALD E. MARTIN
11 | TIMOTHY L. MILES
  | Bank of America Plaza
12 | 414 Union Street, Suite 900
  | Nashville, TN 37219
13 | Telephone: 615/244-2202
  | 615/252-3798 (fax)
14 |
  | Additional Plaintiffs' Counsel
15 |

16 | UNITED STATES DISTRICT COURT

17 | CENTRAL DISTRICT OF CALIFORNIA

18 | SOUTHERN DIVISION

| | |
|---|---|
| 19  In re QUESTCOR | ) No. 8:12-cv-01623-DMG(JPRx) |
| PHARMACEUTICALS, INC. | ) |
| 20  SECURITIES LITIGATION | ) CLASS ACTION |
| 21 | ) PROOF OF CLAIM AND RELEASE |
| This Document Relates To: | ) |
| 22 | ) EXHIBIT A-2 |
| ALL ACTIONS. | ) |
| 23 | ) |

24

25

26

27

28

1012586_3

I.      **GENERAL INSTRUCTIONS**

1.      To recover as a Member of the Class based on your claims in the consolidated action entitled *In re Questcor Pharmaceuticals, Inc. Securities Litigation*, No. 8:12-cv-01623-DMG(JPRx) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ON OR BEFORE _____, 2015, ADDRESSED AS FOLLOWS:

> *Questcor Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040
> www.questcorsecuritieslitigation.com

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim.

4.      If you are a Member of the Class and you did not timely request exclusion in connection with the settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

II.     **CLAIMANT IDENTIFICATION**

If you purchased or acquired Questcor Pharmaceuticals, Inc. ("Questcor") common stock and held the certificate(s) in your name, you are the beneficial

- 1 -

1012586_3

1    purchaser as well as the record purchaser.  If, however, you purchased or acquired
2    Questcor common stock and the certificate(s) were registered in the name of a third
3    party, such as a nominee or brokerage firm, you are the beneficial purchaser and the
4    third party is the record purchaser.

5          Use Part I of this form entitled "Claimant Identification" to identify each
6    purchaser of record ("nominee"), if different from the beneficial purchaser or acquirer
7    of Questcor common stock which forms the basis of this claim. THIS CLAIM MUST
8    BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S)
9    OR  THE  LEGAL  REPRESENTATIVE  OF  SUCH  PURCHASER(S)  OR
10   ACQUIRER(S) OF THE QUESTCOR COMMON STOCK UPON WHICH THIS
11   CLAIM IS BASED.

12         All joint purchasers must sign this claim. Executors, administrators, guardians,
13   conservators, and trustees must complete and sign this claim on behalf of persons
14   represented by them and their authority must accompany this claim and their titles or
15   capacities must be stated. The Social Security (or taxpayer identification) number and
16   telephone number of the beneficial owner may be used in verifying the claim. Failure
17   to provide the foregoing information could delay verification of your claim or result in
18   rejection of the claim.

19   **III.    CLAIM FORM**

20         Use Part II of this form entitled "Schedule of Transactions in Questcor
21   Common Stock" to supply all required details of your transaction(s) in Questcor
22   common stock. If you need more space or additional schedules, attach separate sheets
23   giving all of the required information in substantially the same form. Sign and print or
24   type your name on each additional sheet.

25         On the schedules, provide all of the requested information with respect to *all* of
26   your purchases and acquisitions and *all* of your sales of Questcor common stock
27   which took place between April 4, 2011 and December 17, 2012, inclusive, whether
28   such transactions resulted in a profit or a loss.  You must also provide all of the

- 2 -

1012586_3

1  requested information with respect to *all* of the shares of Questcor common stock you
2  held at the close of trading on April 3, 2011, September 21, 2012, and December 17,
3  2012. Failure to report all such transactions may result in the rejection of your claim.

4       List each transaction in the Class Period separately and in chronological order,
5  by trade date, beginning with the earliest.  You must accurately provide the month,
6  day, and year of each transaction you list.

7       The date of covering a "short sale" is deemed to be the date of purchase of
8  Questcor common stock.  The date of a "short sale" is deemed to be the date of sale of
9  Questcor common stock.

10      Copies of broker confirmations or other documentation of your transactions in
11  Questcor common stock should be attached to your claim.  If you do not have
12  documentation from your broker, you may also attach any documents or schedules
13  that you attached to any federal tax return that reflect Class Period purchases or
14  acquisitions of Questcor common stock or the sale of Questcor common stock.
15  Failure to provide this documentation could delay verification of your claim or result
16  in rejection of your claim.

17      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large
18  numbers of transactions may request, or may be requested, to submit information
19  regarding their transactions in electronic files.  All claimants MUST submit a
20  manually signed paper Proof of Claim whether or not they also submit electronic
21  copies.  If you wish to file your claim electronically, you must contact the Claims
22  Administrator at 1-888-564-2634 to obtain the required file layout. No electronic files
23  will be considered to have been properly submitted unless the Claims Administrator
24  issues to the claimant a written acknowledgment of receipt and acceptance of
25  electronically submitted data.

26
27
28

1012586_3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

*In re Questcor Pharmaceuticals, Inc. Securities Litigation*

No. 8:12-cv-01623-DMG(JPRx)

PROOF OF CLAIM AND RELEASE

Must Be Postmarked or Received No Later Than:

_____, 2015

Please Type or Print

---

**PART I: CLAIMANT IDENTIFICATION**

Last Name _____ M.I. ___ First Name _____

Last Name (Co-Beneficial Owner) _____ M.I. ___ First Name (Co-Beneficial Owner) _____

○ IRA  ○ Joint Tenancy  ○ Employee  ○ Individual  ○ Other_____ (specify)
Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number _____ or Taxpayer Identification Number _____

Telephone Number (Primary Daytime) _____ Telephone Number (Alternate) _____

Email Address _____

**MAILING INFORMATION**

Address _____

Address _____

City _____ State ___ Zip Code _____

Foreign Province _____ Foreign Postal Code _____ Foreign Country Name/Abbreviation _____

---

- 4 -

1012586_3

PART II:   SCHEDULE OF TRANSACTIONS IN QUESTCOR COMMON STOCK

A.   Number of shares of Questcor common stock held at the close of trading on April 3, 2011:

Proof Enclosed?
○ Y
○ N

B.   Purchases or acquisitions of Questcor common stock (April 4, 2011- December 17, 2012, inclusive):

| PURCHASES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased | Total Purchase Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
| M M   D D   Y Y Y Y | | | |
| 1. / / | | $ . 00 | Y N |
| 2. / / | | $ . 00 | Y N |
| 3. / / | | $ . 00 | Y N |
| 4. / / | | $ . 00 | Y N |

IMPORTANT:

(i) If any purchase listed above covered a "short sale," please mark yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

____ / ____ / _____          _____          _____
MM DD YYYY          MERGER SHARES          COMPANY

C.   Sales of Questcor common stock (April 4, 2011 – December 17, 2012, inclusive):

- 5 -

| SALES | | | | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|---|---|
| | Trade Date(s) of Shares (List Chronologically) | | Number of Shares Sold | | |
| | M M   D D   Y Y Y Y | | | | ○ Y ○ N |
| 1. | /    /    | | | $    . 0 0 | ○ Y ○ N |
| 2. | /    /    | | | $    . 0 0 | ○ Y ○ N |
| 3. | /    /    | | | $    . 0 0 | ○ Y ○ N |
| 4. | /    /    | | | $    . 0 0 | ○ Y ○ N |

D.    Number of shares of Questcor common stock held at the close of trading on September 21, 2012:

Proof Enclosed?
○ Y
○ N

E.    Number of shares of Questcor common stock held at the close of trading on December 17, 2012:

Proof Enclosed?
○ Y
○ N

**YOU MUST READ AND SIGN THE RELEASE ON PAGE ___. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

- 6 -

1012586_3

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Questcor common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V. RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties. "Related Parties" means each of a Defendant's respective present and former parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of each of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives and assigns of each of them, in their capacity as such.

2.      "Released Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, asserted or unasserted, whether arising under federal, state, local, statutory, common, foreign or administrative law, or any other law, rule or regulation, whether fixed or contingent, at law or in equity, whether class or individual in nature, that Plaintiffs, or any other Member of the Class or the representatives, heirs, successors-in-interest and assigns of any of them,

- 7 -

1012586_3

1    asserted in the Litigation or could have asserted, directly or indirectly, in any forum that
2    arise out of or are based upon or related to (i) the purchase or acquisition of Questcor
3    common stock, and (ii) the claims, allegations, transactions, facts, matters,
4    circumstances, or occurrences, representations or omissions involved, set forth, alleged,
5    embraced, encompassed, or otherwise referred to in the Complaint. "Released Claims"
6    includes "Unknown Claims" as defined in ¶1.28 of the Stipulation.

7         3.    "Unknown Claims" means any claims which Plaintiffs or Class Members
8    do not know or suspect to exist in his, her or its favor at the time of the release of the
9    Released Persons which, if known by him, her or it, might have affected his, her or its
10   settlement with and release of the Released Persons, or might have affected his, her or
11   its decision not to object to this settlement or seek exclusion from the Class.  With
12   respect to any and all Released Claims, the Settling Parties stipulate and agree that,
13   upon the Effective Date, Plaintiffs shall expressly waive and each of the Class
14   Members shall be deemed to have, and by operation of the Judgment shall have,
15   expressly waived the provisions, rights, and benefits of California Civil Code §1542,
16   which provides:

17         **A general release does not extend to claims which the creditor**
18         **does not know or suspect to exist in his or her favor at the time of**
19         **executing the release, which if known by him or her must have**
20         **materially affected his or her settlement with the debtor.**

21   Plaintiffs shall expressly waive and each of the Class Members shall be deemed to
22   have, and by operation of the Judgment shall have, expressly waived any and all
23   provisions, rights, and benefits conferred by any law of any state or territory of the
24   United States or any foreign country, or any principle of common law, which is
25   similar, comparable or equivalent in substance to California Civil Code §1542.
26   Plaintiffs and Class Members may hereafter discover facts in addition to or different
27   from those which he, she or it now knows or believes to be true with respect to the
28   subject matter of the Released Claims, but Plaintiffs shall expressly settle and release

- 8 -

and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Questcor common stock which occurred between April 4, 2011 and December 17, 2012, inclusive, as well as the number of shares of Questcor common stock held by me (us) at the close of trading on April 3, 2011, September 21, 2012, and December 17, 2012.

1    I (We) declare under penalty of perjury under the laws of the United States of

2  America that all of the foregoing information supplied on this Proof of Claim by the

3  undersigned is true and correct.

4

5  Executed this _____ day of _____ in _____
                                    (Month/Year)                          (City/State/Country)

6  _____          _____
   (Sign your name here)                      (Sign your name here)

7

8  _____          _____
   (Type or print your name here)             (Type or print your name here)

9  _____          _____
   (Capacity of person(s) signing, e.g.,       (Capacity of person(s) signing, e.g.,
   Beneficial Purchaser, Executor or Administrator)  Beneficial Purchaser, Executor or Administrator)

10

11            ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
                            THANK YOU FOR YOUR PATIENCE.

   Reminder Checklist:
12  1. Please sign the above release and declaration.          6. If you desire an acknowledgment of receipt of your claim form
    2. If this Claim is being made on behalf of Joint Claimants,    please send it Certified Mail, Return Receipt Requested.
13     then both must sign.                                      7. If you move, please send your new address to the address
    3. Remember to attach copies of supporting documentation,      below.
14     if available.                                             8. Do not use red pen or highlighter on the Proof of Claim
    4. Do not send originals of certificates.                      and Release form or supporting documentation.
15  5. Keep a copy of your claim form and all supporting
       documentation for your records.

16
                              Questcor Securities Litigation
17                                Claims Administrator
                                    c/o Gilardi & Co. LLC
18                                   P.O. Box 8040
                                 San Rafael, CA  94912-8040
19                           www.questcorsecuritieslitigation.com

20

21

22

23

24

25

26

27

28
                                        - 10 -
   1012586_3

# EXHIBIT A-3

ROBBINS GELLER RUDMAN
   & DOWD LLP
ANDREW J. BROWN (160562)
THOMAS E. EGLER (189871)
ROBERT K. LU (198607)
ERIK W. LUEDEKE (249211)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
andrewb@rgrdlaw.com
tome@rgrdlaw.com
rlu@rgrdlaw.com
eluedeke@rgrdlaw.com

Lead Counsel for Plaintiffs

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
GERALD E. MARTIN
TIMOTHY L. MILES
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

Additional Plaintiffs' Counsel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re QUESTCOR PHARMACEUTICALS, INC. SECURITIES LITIGATION | No. 8:12-cv-01623-DMG(JPRx) |
| | CLASS ACTION |
| This Document Relates To: | SUMMARY NOTICE |
| ALL ACTIONS. | EXHIBIT A-3 |

1012564_2

TO:  ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED QUESTCOR PHARMACEUTICALS, INC. ("QUESTCOR") COMMON STOCK BETWEEN APRIL 4, 2011 AND SEPTEMBER 21, 2012, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Central District of California, Southern Division, a hearing will be held on _____, 2015, at ____ .m., before the Honorable Dolly M. Gee, United States District Judge, at the United States District Court for the Central District of California, Southern Division, United States Courthouse, 312 North Spring Street, Courtroom 7, Los Angeles, CA 90012, for the purpose of determining whether: (1) the settlement of the Litigation for the sum of $38,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Plan of Allocation of settlement proceeds should be approved by the Court as fair, reasonable, and adequate; (3) Lead Counsel's application for the payment of attorneys' fees not to exceed 27.5% of the settlement proceeds and expenses incurred in connection with this Litigation, together with interest thereon, should be approved by the Court; (4) Plaintiffs' request to be paid for their time and expenses in representing the Class should be approved by the Court; and (5) the Court should enter the Final Judgment and Order of Dismissal with Prejudice.

If you purchased Questcor common stock between April 4, 2011 and September 21, 2012, inclusive, your rights may be affected by this Litigation and the settlement thereof. If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Questcor Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or by downloading this information at www.questcorsecuritieslitigation.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form by mail or online no later than _____, 2015, establishing that you are entitled to a recovery. You will be bound by any judgment

- 1 -

1  rendered in the Litigation unless you request to be excluded, in writing, to the above
2  address of the Claims Administrator, postmarked no later than twenty-eight (28) days
3  prior to the Settlement Hearing.

4        Any objection to any aspect of the settlement must be mailed or filed with the
5  Clerk of the Court at the United States District Court for the Central District of
6  California, United States Courthouse, 312 North Spring Street, Room G-8, Los
7  Angeles, CA 90012, such that it is filed on or before _____, 2015, and
8  received by the following counsel no later than twenty-eight (28) days prior to the
9  Settlement Hearing:

10                        *Counsel for Plaintiffs*:

11              ROBBINS GELLER RUDMAN & DOWD LLP
                        JEFFREY D. LIGHT
12                655 West Broadway, Suite 1900
                        San Diego, CA 92101
13
                        *Counsel for Defendants*:
14
15          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                        PETER B. MORRISON
                        300 South Grand Avenue
16                      Los Angeles, CA  90071

17                    LATHAM & WATKINS LLP
                        PETER A. WALD
18              650 Town Center Drive, 20th Floor
                        Costa Mesa, CA  92626
19
20  **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S**
21  **OFFICE REGARDING THIS NOTICE.**  If you have any questions about the
22  settlement or the Litigation, you may contact Lead Counsel at the address above or
23  call Rick Nelson, Shareholder Representative for Lead Counsel at 1-800-449-4900.

24  DATED: _____, 2015     BY ORDER OF THE COURT
                                UNITED STATES DISTRICT COURT
25                              CENTRAL DISTRICT OF CALIFORNIA
                                SOUTHERN DIVISION
26
27
28
                                      - 2 -
1012564_2

# EXHIBIT B

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  ANDREW J. BROWN (160562)
   THOMAS E. EGLER (189871)
3  ROBERT K. LU (198607)
   ERIK W. LUEDEKE (249211)
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone:  619/231-1058
   619/231-7423 (fax)
6  andrewb@rgrdlaw.com
   tome@rgrdlaw.com
7  rlu@rgrdlaw.com
   eluedeke@rgrdlaw.com
8
   Lead Counsel for Plaintiffs
9
   BARRETT JOHNSTON MARTIN
10    & GARRISON, LLC
   GERALD E. MARTIN
11 TIMOTHY L. MILES
   Bank of America Plaza
12 414 Union Street, Suite 900
   Nashville, TN  37219
13 Telephone:  615/244-2202
   615/252-3798 (fax)
14
   Additional Plaintiffs' Counsel
15

16              UNITED STATES DISTRICT COURT
17            CENTRAL DISTRICT OF CALIFORNIA
18                   SOUTHERN DIVISION
19

| 20 | In re QUESTCOR PHARMACEUTICALS, INC. SECURITIES LITIGATION | ) ) ) ) | No. 8:12-cv-01623-DMG(JPRx) CLASS ACTION |
| 21 | | | |
| 22 | This Document Relates To: | ) ) ) ) ) | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| 23 | ALL ACTIONS. | | EXHIBIT B |
| 24 | | | |

25
26
27
28

1012368_3

1   This matter came before the Court pursuant to the Order Preliminarily

2   Approving Settlement and Providing for Notice ("Order") dated _____, 2015, on

3   the application of the parties for approval of the settlement set forth in the Stipulation

4   of Settlement dated as of April 8, 2015 (the "Stipulation"). Due and adequate notice

5   having been given to the Class as required in said Order, and the Court having

6   considered all papers filed and proceedings had herein and otherwise being fully

7   informed in the premises and good cause appearing therefore, IT IS HEREBY

8   ORDERED, ADJUDGED, AND DECREED that:

9       1.   This Judgment incorporates by reference the definitions in the

10  Stipulation, and all terms used herein shall have the same meanings as set forth in the

11  Stipulation, unless otherwise set forth herein.

12      2.   This Court has jurisdiction over the subject matter of the Litigation and

13  over all parties to the Litigation, including all Members of the Class.

14      3.   Pursuant to Federal Rule of Civil Procedure 23, the Court hereby

15  approves the settlement set forth in the Stipulation and finds that:

16          (a)   said Stipulation and the settlement contained therein, are, in all

17  respects, fair, reasonable, and adequate and in the best interest of the Class;

18          (b)   there was no collusion in connection with the Stipulation;

19          (c)   the Stipulation was the product of informed, arm's-length

20  negotiations among competent, able counsel; and

21          (d)   the record is sufficiently developed and complete to have enabled

22  Plaintiffs and the Defendants to have adequately evaluated and considered their

23  positions.

24      4.   Accordingly, the Court authorizes and directs implementation and

25  performance of all the terms and provisions of the Stipulation, as well as the terms and

26  provisions hereof. Except as to any individual claim of those Persons (identified in

27  Exhibit 1 attached hereto) who have validly and timely requested exclusion from the

28  Class, the Court hereby dismisses the Litigation and all Released Claims of the Class

- 1 -

1012368_3

1   with prejudice.  The Settling Parties are to bear their own costs, except as and to the

2   extent provided in the Stipulation and herein.

3         5.      Upon the Effective Date, and as provided in the Stipulation, Plaintiffs

4   shall, and each of the Class Members shall be deemed to have, and by operation of

5   this Judgment shall have, fully, finally, and forever released, relinquished, and

6   discharged any and all Released Claims (including Unknown Claims) against the

7   Released Persons, whether or not such Class Member executes and delivers the Proof

8   of Claim and Release form or shares in the Settlement Fund.  Claims to enforce the

9   terms of the Stipulation are not released.

10        6.      Plaintiffs and all Class Members are hereby forever barred and enjoined

11  from prosecuting any of the Released Claims against any of the Released Persons.

12        7.      Upon the Effective Date, and as provided in the Stipulation, each of the

13  Released Persons shall be deemed to have, and by operation of this Judgment shall

14  have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and

15  each and all of the Class Members, and Plaintiffs' counsel from all claims and causes

16  of action of every nature and description (including Unknown Claims), whether

17  arising under federal (including Federal Rules of Civil Procedure 11 and 37.1), state,

18  common or foreign law, that arise out of or relate to the institution, prosecution, or

19  settlement of the claims against Defendants, except for claims relating to the

20  enforcement of the settlement.

21        8.      The Notice of Proposed Settlement of Class Action given to the Class

22  was the best notice practicable under the circumstances, including the individual

23  notice to all Members of the Class who could be identified through reasonable effort.

24  Said notice provided the best notice practicable under the circumstances of those

25  proceedings and of the matters set forth therein, including the settlement set forth in

26  the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the

27  requirements of Federal Rule of Civil Procedure 23 and the requirements of due

28  process.

- 2 -

1012368_3

9.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

10.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

12.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants and/or

- 3 -

1 | their insurers, then this Judgment shall be rendered null and void to the extent
2 | provided by and in accordance with the Stipulation and shall be vacated and, in such
3 | event, all orders entered and releases delivered in connection herewith shall be null
4 | and void to the extent provided by and in accordance with the Stipulation.

5 |      14.    Without further order of the Court, the Settling Parties may agree to
6 | reasonable extensions of time to carry out any of the provisions of the Stipulation.

7 |      15.    The Court directs immediate entry of this Judgment by the Clerk of the
8 | Court.

9 |      IT IS SO ORDERED.

10 |

11 | DATED: _____      _____

12 |                     THE HONORABLE DOLLY M. GEE
                    UNITED STATES DISTRICT JUDGE

13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

1012368_3

- 4 -

1

CERTIFICATE OF SERVICE

2          I hereby certify that on April 13, 2015, I authorized the electronic filing of the

3   foregoing with the Clerk of the Court using the CM/ECF system which will send

4   notification of such filing to the e-mail addresses denoted on the attached Electronic

5   Mail Notice List, and I hereby certify that I caused to be mailed the foregoing

6   document or paper via the United States Postal Service to the non-CM/ECF

7   participants indicated on the attached Manual Notice List.

8          I certify under penalty of perjury under the laws of the United States of America

9   that the foregoing is true and correct.  Executed on April 13, 2015.

10                                          s/ Andrew J. Brown
                                            ANDREW J. BROWN
11
                                            ROBBINS GELLER RUDMAN
12                                             & DOWD LLP
                                            655 West Broadway, Suite 1900
13                                          San Diego, CA  92101-8498
                                            Telephone:  619/231-1058
14                                          619/231-7423 (fax)

15                                          E-mail:  andrewb@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

1012127_3

– 78 –

# Mailing Information for a Case 8:12-cv-01623-DMG-JPR In re Questcor Securities Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,dawn.hartman@ksfcounsel.com

- **Manuel A Abascal**
  manny.abascal@lw.com

- **George E Barrett**
  gbarrett@barrettjohnston.com

- **Brian Barry**
  bribarry1@yahoo.com

- **David E Bower**
  dbower@faruqilaw.com,brohr@faruqilaw.com,smarton@faruqilaw.com

- **Andrew J Brown**
  andrewb@rgrdlaw.com,e_file_sd@rgrdlaw.com,lmix@rgrdlaw.com

- **Marshall P Dees**
  mdees@holzerlaw.com,cholzer@holzerlaw.com

- **Thomas E Egler**
  tome@rgrdlaw.com,jillk@rgrdlaw.com,E_File_SD@rgrdlaw.com,kathyj@rgrdlaw.com

- **Michael J Faris**
  michael.faris@lw.com,chefiling@lw.com

- **Todd M Garber**
  todd@garberfirm.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com

- **Andrew Gray**
  andrew.gray@lw.com,everett.bulthuis@lw.com,Kristin.Murphy@lw.com,#ocecf@lw.com,jana.roach@lw.com

- **Eli R Greenstein**
  egreenstein@ktmc.com,namjed@ktmc.com,jhouston@ktmc.com,yjayasuriya@ktmc.com,cbucciarelli@ktmc.com

- **Corey D Holzer**
  cholzer@holzerlaw.com,cyoung@holzerlaw.com

- **Michele D Johnson**
  michele.johnson@lw.com,#ocecf@lw.com,Whitney.Weber@lw.com,jana.roach@lw.com

- **Stacey M Kaplan**
  skaplan@ktmc.com

- **Nicole Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Robert K Lu**
  rlu@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Erik W Luedeke**
  eluedeke@rgrdlaw.com,e_file_sd@rgrdlaw.com,tome@rgrdlaw.com

- **Gerald E Martin**
  jmartin@barrettjohnston.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com

- **Timothy L Miles**
  tmiles@barrettjohnston.com

- **Virginia F Milstead**
  virginia.milstead@skadden.com,winston.hsiao@skadden.com,brigitte.travaglini@skadden.com

- **Peter Bradley Morrison**
  peter.morrison@skadden.com,alejandra.lopez@skadden.com,nandi.berglund@skadden.com,DLMLCLAC@skadden.com,jon.powell@skadden.com

- **Thomas Jerome Nolan**
  tnolan@skadden.com,LAO.LACWORDPROCESSING@skadden.com,rebecca.isomoto@skadden.com

- **Darren J Robbins**
  darrenr@rgrdlaw.com

- **Joseph J Tabacco , Jr**
  jtabacco@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Peter Allen Wald**
  peter.wald@lw.com,#sfdocket@lw.com

- **David C Walton**
  davew@rgrdlaw.com,stremblay@rgrdlaw.com,jillk@rgrdlaw.com,hectorm@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)